UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GLENN D. CHUPP,

    Plaintiff,

    v.   CAUSE NO. 3:24-CV-413-JD-AZ

SMILEY, et al.,

    Defendants.

OPINION AND ORDER

Glenn D. Chupp, a prisoner without a lawyer, filed a complaint alleging the defendants failed to protect him from being attacked and stabbed by an inmate. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Chupp, who is housed at Westville Correctional Facility, alleges that on July 2, 2023, he was attacked and stabbed six times by an inmate. ECF 2 at 3. He asserts the Captain in charge of his dorm and correctional officers who worked in his dorm failed to protect him from the July 2, attack. *Id.* at 3-4. Chupp also contends the Captain failed

to properly train correctional officers, which caused them to miss the attack on the prison's surveillance system and not call a signal. *Id*. at 4.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "Exercising poor judgment . . . falls short of meeting the standard of consciously disregarding a known risk to his safety." *Lewis v. Richards*, 107 F.3d 549, 554 (7th Cir. 1997). "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). Chupp has not pled facts from which it can be plausibly inferred that any of the defendants were aware of or knew in advance that an inmate planned to attack and stab him, yet failed to take appropriate steps to protect him from the specific danger. Therefore, he has not stated a claim against the defendants.

While Chupp has sued the Captain of his dorm and those correctional officers who worked in his dorm, he has not identified any individual who was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed prior to the attack taking place. He has not provided any details about his interactions with either the Captain or correctional officers. To be held liable under 42 U.S.C. § 1983, a defendant must have personal involvement in the alleged constitutional violation. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights."); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). Moreover, it is not clear if any of these defendants saw the inmate attack Chupp, but even if they had, they were not required to place themselves in danger of physical harm. *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011) (quotation marks omitted) ("correctional officers who are present during a violent altercation between prisoners are not deliberately indifferent if they intervene with a due regard for their safety[.]"). Therefore, Chupp may not proceed here.

Additionally, Chupp cannot sue the Captain for failing to adequately train the correctional officers on his dorm because a failure-to-train claim can only be brought against a municipal actor, not a state official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005). Even then, the failure to train must be "tantamount to 'deliberate indifference,'" which Chupp does not

3

plausibly allege. *Williams v. Heavener*, 217 F.3d 529, 532 (7th Cir. 2000). He may not proceed on this claim.

Following the July 2, attack, Chupp asserts he filed a grievance, but Warden Smiley and Deputy Warden Kenneth Watts failed to acknowledge his grievance or respond to him. ECF 2 at 2. To the extent he asserts their actions violated Indiana Department of Correction ("IDOC") policy, Section 1983 allows a plaintiff to sue for a violation of his federal rights, not of IDOC policies. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (claim under § 1983 requires that plaintiff was deprived of a federal right by a person acting under color of state law). A violation of IDOC policy alone cannot form the basis for a constitutional claim. *See Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws"). Moreover, Chupp has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Therefore, he may not proceed against Warden Smiley or Deputy Warden Watts.

Lastly, Chupp asserts he filed a tort claim asking to settle this matter, but Indiana Attorney General Todd Rokita denied his claim because an investigation indicated a settlement was not warranted. ECF 2 at 2. However, Chupp asserts that, if the Special

4

Investigations Division had properly considered his claim, Indiana Attorney General Rokita would not have denied it. *Id*. at 2-3.

Here, Chupp appears to be suing Indiana Attorney General Rokita for damages in his official capacity, but such a claim is barred by the Eleventh Amendment. *See Fritz v. Evers*, 907 F.3d 531, 533 (7th Cir. 2018) ("[A] state official (in his official capacity) *is* the state."). Moreover, to the extent he is suing the Special Investigations Division, which is a division within the IDOC, the State of Indiana and its agencies are not "persons" who can be sued for constitutional violations under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *Burrus v. State Lottery Comm'n of Ind.*, 546 F.3d 417, 420 (7th Cir. 2008) (observing that states and state agencies "are immune from suit under the Eleventh Amendment"). Additionally, state agencies have Eleventh Amendment immunity from a claim for damages in federal court. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). Therefore, Chupp may not proceed against either Indiana Attorney General Rokita or the Special Investigations Division.

This complaint does not state a claim for which relief can be granted. If Chupp believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law

5

library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Glenn D. Chupp until **March 14, 2025**, to file an amended complaint; and

(2) CAUTIONS Glenn D. Chupp that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 18, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT