UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GLENN D. CHUPP,

    Plaintiff,

        v.                                                           CAUSE NO. 3:24-CV-413-JD-AZ

JASON SMILEY, et al.,

    Defendants.

OPINION AND ORDER

Glenn D. Chupp, a prisoner without a lawyer, filed an amended complaint

alleging the defendants failed to protect him from being stabbed by an inmate. ECF 19.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and

citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the

merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief.

In his amended complaint, Chupp alleges many of the same facts as he did in his

original complaint. Chupp, who was housed in 10 Dorm at Westville Correctional

Facility, asserts that on July 2, 2023, he approached Officer John Doe and told him he

feared for his physical well-being because an inmate was conspiring to stab him. ECF 19

at 2. He gave a physical description of the inmate to Officer Doe so he could identify

him. *Id*. However, when Officer Doe asked Chupp for more details about the inmate, he

hesitated because he feared for his safety. *Id*. Chupp explained to Officer Doe that he

owed the inmate and his affiliates money. *Id*. About five minutes after talking with

Officer Doe, the inmate approached Chupp and stabbed him six times. *Id*. at 3. He seeks

monetary damages and injunctive relief for his injuries.[1] *Id*. at 4.

The Eighth Amendment imposes a duty on prison officials "to take reasonable

measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832

(1994). When an inmate is attacked by another inmate, the Eighth Amendment is

violated only if "deliberate indifference by prison officials effectively condones the

attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The

defendant "must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference." *Farmer*,

511 U.S. at 837. "Exercising poor judgment . . . falls short of meeting the standard of

consciously disregarding a known risk to his safety." *Lewis v. Richards*, 107 F.3d 549, 554

(7th Cir. 1997). "[A] complaint that identifies a specific, credible, and imminent risk of

serious harm and identifies the prospective assailant typically will support an inference

that the official to whom the complaint was communicated had actual knowledge of the

risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help,

---

[1] An injunction relates to an ongoing constitutional violation, not to events that happened in the past. *See Al-Alamin v. Gramley*, 926 F.2d 680, 685 (7th Cir. 1991) ("When there is no continuing violation of federal law, injunctive relief is not part of a federal court's remedial powers."). Because there is no ongoing constitutional violation, Chupp cannot proceed on a claim for injunctive relief against the defendants.

expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). Giving Chupp the inferences to which he is entitled at this stage of the proceedings, he has plausibly alleged that Officer Doe was aware of or knew in advance that an inmate planned to attack and stab him on July 2, 2023, yet failed to take appropriate steps to protect him from the specific danger. Therefore, Chupp has stated a claim against Officer Doe.

Following the attack, Chupp asserts he made eye contact with Officer Doe, but Officer Doe did not ask him if he was okay or help him. ECF 19 at 3. He speculates that Officer Doe could see he had gauze on his neck and shoulder covering his wounds and saw him changing his bandages because of blood and seepage from his wounds. *Id*. Another inmate helped Chupp by applying pressure to his wounds with a washcloth. *Id*. Chupp asserts that Officer Doe never called a signal to alert medical staff that he had been injured.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have

3

known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Here, Chupp has not plausibly alleged facts from which it can be inferred that Officer Doe knew the extent of his injuries or that he required medical care. He alleges only that he made eye contact with Officer Doe and believes Officer Doe could have seen him changing his bandages, but those facts are not enough to infer deliberate indifference to Chupp's serious medical needs.

Chupp next asserts that Sgt. Brown[2] violated his constitutional rights because he did not secure his property box after he was attacked, which contained legal papers and personal items.[3] ECF 19 at 4. The Fourteenth Amendment prohibits a state from depriving a person of property without due process of the law. But a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the Due Process Clause by providing a process to address the loss. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional [and] negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy."). Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by

---

[2] Chupp has not named Sgt. Brown as a defendant in this case.

[3] It is unclear if Chupp's allegations pertain to the July 2, 2023, attack.

4

government employees, and they provide an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). The Indiana Tort Claims Act offered Chupp a process for resolving his dispute that satisfied the Due Process Clause. Because the loss of property at the hands of state officials does not state a constitutional claim, Chupp may not proceed here.

Chupp has also sued Indiana Governor Mike Braun and Warden Jason Smiley. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and high-ranking officials cannot be held liable for damages simply because they have supervisory authority or oversee operations at the prison. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise."). Instead, they must have some personal involvement. *See Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019) (discussing standard for supervisory liability under § 1983). To the extent he alleges these defendants failed to protect him from the July 2, 2023, attack, he neither asserts they had actual knowledge of the impending assault nor does his complaint contain facts from which the court can plausibly infer they had such knowledge. He may not proceed against them in their individual capacities.[4]

---

[4] Warden Smiley will remain a defendant in his official capacity solely for the purpose of identifying Officer John Doe.

For these reasons, the court:

(1) GRANTS Glenn D. Chupp leave to proceed against Officer John Doe in his individual capacity for compensatory and punitive damages for failing to protect him from being stabbed by an inmate on July 2, 2023, in violation of the Eighth Amendment;

(2) GRANTS Glenn D. Chupp leave to proceed against Warden Jason Smiley in his official capacity solely to identify Officer John Doe;

(3) DISMISSES all other claims;

(4) DISMISSES Indiana Governor Mike Braun;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Jason Smiley at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 19);

(6) WAIVES Warden Jason Smiley's obligation to file an answer to the amended complaint; and

(7) ORDERS Warden Jason Smiley of Westville Correctional Facility to appear and identify Officer John Doe, as described in the amended complaint and this order, by or before **November 14, 2025**, or show cause why he is unable to do so.

SO ORDERED on October 17, 2025

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

6